1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIS KEVORKIAN and WILLA KEVORKIAN, | Case No.: 3:23-cv-00229-RBM-DDL |
| Plaintiffs, | **ORDER DENYING DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S MOTION TO:** |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, and DOES 1 through 10, inclusive, | **(1) DISMISS PLAINTIFFS' PUNITIVE DAMAGES CLAIM (PURSUANT TO FED. R. CIV. P. 12(b)(6), 8, 9; CAL. CIV. CODE 3294) AND/OR TO STRIKE PLAINTIFFS' PUNITIVE DAMAGES CLAIM** |
| Defendants. | |
| | **(2) STRIKE PARAGRAPHS 27 AND 31 OF THE FAC AND PARAGRAPH 4 IN THE PRAYER FOR RELIEF PURSUANT TO FED. R. CIV. P. 12(f)** |
| | **[Doc. 11]** |

Pending before the Court is Defendant Safeco Insurance Company of America's ("Defendant Safeco") motion to (1) dismiss Plaintiffs' punitive damages claim (pursuant to Fed. R. Civ. P. 12(b)(6), 8, 9; Cal. Civ. Code § 3294) and/or to strike Plaintiffs' punitive damages claim and (2) strike paragraphs 27 and 31 of the First Amended Complaint and

1

paragraph 4 in the prayer for relief pursuant to Fed. R. Civ. P. 12(f) ("Motion to Dismiss/Strike").   (Doc. 11.)   Plaintiffs Masis Kevorkian and Willa Kevorkian ("Plaintiffs") filed points and authorities in opposition to Defendant Safeco's Motion to Dismiss/Strike.  (Doc. 13.)  Defendant Safeco filed a reply in support of its Motion to Dismiss/Strike.  (Doc. 14.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1).

For the reasons discussed below, the Motion to Dismiss/Strike is **<u>DENIED</u>**.

## I.    BACKGROUND

Plaintiffs' First Amended Complaint ("FAC") asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  (Doc. 10, FAC ¶¶ 24–31.)  In relevant part, the facts alleged in the FAC are as follows.

A. <u>Factual Allegations in FAC</u>

**a.  Insurance Policy**

In 2017, Plaintiffs purchased a home and homeowner's insurance through Defendant Safeco.  (*Id.* ¶ 9.)  On or about August 18, 2022, Defendant Safeco renewed Plaintiffs' insurance policy ("Policy")[1] for a one-year term beginning on October 17, 2022.  (*Id.* ¶ 10.)  The Policy provides coverage for certain categories of loss, including for dwelling, other structures, personal property, loss of coverage, and additional property coverages.  (*Id.*)

The Policy does not cover certain "Building Losses," including "loss caused directly or indirectly by or consisting of any of the following excluded perils[.]"  (*Id.* (Ex. A) at 54.)[2]  One of those excluded perils includes "water damage" defined as (a) "flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether

---

[1] Plaintiffs incorporate the Policy into the FAC by attaching it as an exhibit.  (*See* Doc. 10 Exhibit ("Ex.") A.)  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[2] Hereinafter, references to a page number of an exhibit correspond with the numbering provided by counsel on the document referenced.

or not driven by wind" or (b) "water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure." (*Id.* (Ex. A) at 55.)  Under additional property coverages, the Policy covers "Sewer Backup" defined as "[w]ater which backs up through sewers or drains or which discharges or overflows from a sump." (*Id.* (Ex. A) at 59; *id.* ¶¶ 11–12.)

### b.  Incident Underlying Insurance Claim

On or about January 1, 2023, a rainstorm hit Plaintiffs' home and water backed up through their exterior patio drains, causing water to enter the first floor of their home. (*Id.* ¶ 12.)  The drains had not backed up in all the years the Plaintiffs lived in their home. (*Id.*) Plaintiffs' home and personal property were significantly damaged by the water backup. (*Id.*)  As a result, Plaintiffs and their six school-aged children were forced to vacate their home. (*Id.*; *id.* ¶ 7.)

That same day, Plaintiffs contacted Defendant Safeco to report a claim. (*Id.* ¶ 13.) Plaintiffs told Defendant Safeco that the upheaval caused their family to vacate the home, which created an enormous amount of emotional stress on their family and would cause financial harm. (*Id.* ¶ 14.)  Plaintiffs informed Defendant Safeco that it was critical that the water backup be remediated immediately due to their concern for the potential growth of harmful mold, which would severely impact the existing health of one of their children. (*Id.*)  Despite those warnings, Defendant Safeco would not authorize or permit Plaintiffs to take preventative measures or properly remediate the water to prevent mold growth until Defendant Safeco completed its coverage investigation. (*Id.*)  Instead, Defendant Safeco only authorized Plaintiffs to place dryers in limited areas of the home, which was not effective in preventing mold growth and remediating the water caused by the drain backup. (*Id.*)  As a result of Defendant Safeco's actions, affected areas of Plaintiffs' home experienced significant growth of harmful mold. (*Id.* ¶ 19.)

### c.  Drain Inspection and Clearing

Within days of the rainstorm, Plaintiffs became aware that additional rain was forecast in the coming days. (*Id.* ¶ 15.)  Out of concern that the drains may back up again,

Plaintiffs hired a water-jetting company at their own expense to inspect and, if necessary, clear the drain line to ensure no further backup would occur.  (*Id.*)  The water-jetting company's inspection revealed debris in the drain line, which was cleared.  (*Id.*)  During the next rain event, water did not back up from the drains.  (*Id.*)  Plaintiffs informed Defendant Safeco about the water-jetting company's inspection revealing debris in the drain line and clearing of that debris.  (*Id.* ¶ 16.)

### d. Defendant Safeco's Investigation

Defendant Safeco disregarded that information and retained an engineering firm, which was not made aware of the facts and circumstances of the Plaintiffs' loss.  (*Id.* ¶ 17.)  Thus, the engineering firm failed to conduct a thorough and unbiased investigation of Plaintiffs' claim.  (*Id.*)  Instead, the engineering firm conducted only a cursory review of visible areas on the premises, which was focused on the exterior drain grates, and unreasonably speculated on the cause of the water intrusion.  (*Id.*)  Defendant Safeco's investigation was superficial and deficient in that, among other things, it did not include a complete inspection of the drainage system and disregarded evidence supporting coverage and relevant Policy language.  (*Id.*)

### e. Defendant Safeco's Breach of Contract and Related Conduct

On January 27, 2023, Defendant Safeco denied Plaintiffs' claim in its entirety, including coverage for temporary housing and additional living expenses under the Policy.  (*Id.*)  In breach of its duties, at no time did Defendant Safeco notify Plaintiffs or anyone else that the Policy covers the claim under the Sewer Backup provision.  (*Id.*)  Defendant Safeco ignored and/or concealed the existence of that provision from Plaintiffs and others for the purpose of denying their claim, which Defendant Safeco understood would be costly.  (*Id.*)  Defendant Safeco disregarded the complete facts and circumstances of Plaintiffs' claim and relevant coverage provisions in the Policy.  (*Id.* ¶ 18.)  Defendant Safeco's wrongful coverage denial was based not only on an incorrect and unreasonable interpretation of the Policy, but also on a failure to conduct a thorough investigation of their claim.  (*Id.*)  That investigation included material errors and omissions and did not

consider relevant facts and all Policy provisions.  (*Id.*)

B. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' second cause of action against Defendant Safeco for breach of the implied covenant of good faith and fair dealing alleges nine ways that Defendant Safeco breached that duty, including wrongfully and intentionally:

1. Failing to fully, fairly, impartially, and reasonably investigate Plaintiffs' claim;

2. Failing to evaluate Plaintiffs' claim in a reasonable and objective fashion;

3. Failing to inform Plaintiffs of all coverages that may apply to their claim;

4. Using and/or relying upon unduly restrictive, incorrect, and/or false interpretations of Policy provisions to deny or delay payment of Plaintiffs' claim;

5. Failing to attempt in good faith to effectuate a fair and equitable settlement of Plaintiffs' claim;

6. Utilizing deceptive practices to avoid payment of Plaintiffs' claim;

7. Misrepresenting and concealing material facts and/or Policy provisions from Plaintiffs to avoid paying their claim;

8. Compelling Plaintiffs to retain legal counsel and initiate litigation to recover amounts due under the Policy; and

9. Refusing to pay insurance benefits knowing such benefits were due and owing.

(*Id.* ¶ 26.)  Plaintiffs allege, upon information and belief, that Defendant Safeco has a company pattern and practice of refusing to pay like claims based on the same false and fraudulent grounds, and thus has engaged in unfair business practices in the State of California. (*Id.* ¶ 27.)  Plaintiffs allege, upon information and belief, that Defendant Safeco breached the implied duty of good faith and fair dealing by other acts or omissions of which Plaintiffs are presently unaware.  (*Id.* ¶ 28.)

C. <u>Punitive Damages</u>

Plaintiffs allege that Defendant Safeco's conduct was done while knowing Plaintiffs were particularly vulnerable, and with a conscious disregard of their rights such as to constitute oppression, fraud, or malice under California Civil Code § 3294 ("Section 3294"), entitling Plaintiffs to punitive damages. (*Id.* ¶ 31.) Plaintiffs allege Defendant Safeco engaged in this conduct with the express intent of denying Plaintiffs what they were or should be entitled to receive under the Policy so that Defendant Safeco could minimize costs. (*Id.*) Plaintiffs allege Defendant Safeco sacrificed their interests for its own financial gain. (*Id.*) Plaintiffs allege, upon information and belief, that Defendant Safeco's conduct reflected a corporate pattern and practice that was instituted, perpetuated, and directed by its officers, directors and/or managing agents. (*Id.*) Plaintiffs' prayer for relief, among other things, requests punitive damages. (*Id.* at 8 ¶ 4.)

## II.   LEGAL STANDARD

Defendant Safeco moves to dismiss Plaintiffs' punitive damages claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), 8, 9, and Section 3294. (Doc. 11 at 2.) Defendant Safeco also moves to strike Plaintiffs' punitive damages claim under Rule 8, 9, 12(f), and Section 3294. (*Id.*)

A. <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Pursuant to Rule 12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most

favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

When a Rule 12(b)(6) motion is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

B. Federal Rule of Civil Procedure 9(b)

Rule 9(b) "requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud….'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). A pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b) also requires that the complaint "set forth an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (citation and quotation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks and citations omitted). "Any averments which do not meet that

7

standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Kearns*, 567 F.3d at 1124.

The Ninth Circuit has held that "allegations of fraud based on information and belief [that] do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). "However, this exception does not nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Id.*

C. Federal Rule of Civil Procedure 12(f)

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (internal citation omitted). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Accordingly, "[s]uperfluous historical allegations are a proper subject of a motion to strike." *Id.*

The purpose of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues …." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fogerty*, 984 F.2d at 1527). "Motions to strike are generally disfavored, unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Haghayeghi v. Guess?, Inc.*, Civil No. 14cv00020 JAH-NLS, 2015 WL 1345302, at *5 (S.D. Cal. Mar. 24, 2015) (internal quotation marks omitted) (quoting *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)); *Blair v. CBE Grp. Inc.*, No. 13-cv-134-MMA (WVG), 2013 WL 5677026, at *2 (S.D. Cal. Oct. 17, 2013). "Courts will not grant motions to strike unless 'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed.'" *Novick v. UNUM Life Ins. Co. of Am.*, 570 F. Supp. 2d 1207, 1208 (C.D. Cal.

8

2008) (quoting *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).  "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader.'"  *Id.* (citing *RDF Media Ltd.*, 372 F. Supp. 2d at 561).  Additionally, "courts may not resolve disputed and substantial factual or legal issue[s] in deciding . . . a motion to strike."  *Whittlestone*, 618 F.3d at 973.

"Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings."  *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013) (citing Fed. R. Civ. P. 15(a)(2); *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979), *abrogated in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)).

## III.   DISCUSSION

### A. Incorporation by Reference

Defendant Safeco seeks to incorporate by reference Plaintiffs' January 4, 2023 email to Defendant Safeco ("January 4 Email") and Defendant Safeco's January 27, 2023 declination letter denying Plaintiffs' claim and the accompanying engineer's report ("January 27 Declination Letter").  (*See* Doc. 11 at 12–14.)

"A court may … consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice— without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  "Our relevant case law has recognized consistently that the district court may, but is not required to incorporate documents by reference."  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012).

The doctrine of incorporation by reference permits courts "to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks and citations omitted).  "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or

9

doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908. "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002. "Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

### i. January 4 Email

Defendant Safeco argues that, though the FAC does not mention the January 4 Email by name, it refers extensively to that email and Plaintiffs' bad faith and punitive damages claims incorporate those allegations. (*See* Doc. 11 at 11–12; FAC ¶¶ 15–18, 24.) Defendant Safeco contends that it is not asking the Court to assume the truth of the January 4 Email to dispute facts stated in the FAC because (1) the email does not create a factual dispute but rather provides context to Plaintiffs' allegations; (2) the Court can properly consider the email since Plaintiffs' bad faith and punitive damages claims are vague, conclusory, and misleading; and (3) Plaintiffs' "boilerplate allegations" are contradicted by the very documents or communications upon which Plaintiffs' claim for punitive damages rely. (*See* Doc. 11 at 13.) Plaintiffs respond that (1) Defendant Safeco incorrectly assumes Plaintiffs reference the January 4 Email as opposed to other verbal communications Plaintiffs had with Safeco representatives; (2) Plaintiffs' punitive

damages claim depends on many allegations of bad faith, not just the breach of the duty to investigate, which is the only breach the January 4 Email relates to; (3) Defendant Safeco had a duty to independently and thoroughly investigate Plaintiffs' claim regardless of any communications from Plaintiffs; and (4) the only objective of Defendant Safeco's request for incorporation is to dispute factual allegations in the FAC that the water damage was caused by water backup. (*See* Doc. 13 at 14–19.)  Defendant Safeco responds that the January 4 Email clarifies Plaintiffs' communication to Defendant Safeco regarding the water-jetting company's findings. (*See* Doc. 14 at 7–8.)

Plaintiffs do not specifically reference the January 4 Email in the FAC.  Only one of Plaintiffs' allegations, that of Plaintiffs' informing Defendant Safeco about the water-jetting company's inspection, findings and clearing of the drain line, appears to overlap with some of the content of the January 4 Email. (*See* FAC ¶ 16.)  However, it is not clear from the FAC whether this statement specifically refers to the January 4 Email as opposed to other communications between Plaintiffs and Defendant Safeco while Plaintiffs' claim was pending.  *See Khoja*, 899 F.3d at 1007 ("Nothing in the Complaint connects this information with this press release.  The facts alleged could have come from other sources.").

In any event, such a minor reference in a 31-paragraph FAC is not extensive.  Nor is it clear that the January 4 Email is the basis for Plaintiffs' claim for punitive damages. *See Ritchie*, 342 F.3d at 908.  As part of Plaintiffs' second cause of action for breach of the implied covenant of good faith and fair dealing, Plaintiffs allege nine ways that Defendant Safeco breached that duty. (*See* FAC ¶ 26.)  Only the first concerns a wrongful and intentional failure to reasonably investigate Plaintiffs' claims. (*See id.* ¶ 26(a).)  And whether Defendant Safeco properly considered, or properly disregarded, Plaintiffs' January 4 Email is but one aspect to consider in determining whether Defendant Safeco reasonably investigated Plaintiffs' claim.  Thus, it cannot be said that the January 4 Email is the basis of Plaintiffs' claim for punitive damages.

Moreover, the Court is persuaded that Defendant Safeco is seeking to incorporate

the January 4 Email to create a defense to allegations in the FAC.  *See Khoja*, 899 F.3d at 1002.  Both the FAC and the January 4 Email concern Plaintiffs' informing Defendant Safeco about the water-jetting company's inspection and clearing of the drain line.  The "contributing factor" clause of the January 4 Email that Defendant Safeco seeks the Court to focus on may provide context to Plaintiffs' statements in the FAC.  However, it also serves as a defense to Plaintiffs' allegations that water backing up through the exterior patio drains caused water to enter their home.  Under these circumstances, and at this stage, the Court declines to incorporate the January 4 Email by reference.

### ii.    January 27 Declination Letter

Defendant Safeco argues that the FAC specifically references the January 27 Declination Letter and that Plaintiffs' entire theory of the case and claims for relief are based on that letter.  (*See* Doc. 11 at 14; FAC ¶¶ 17, 18, 22, 23, 26(h), 26(i), and 27.) Plaintiffs assert that (1) the FAC makes no specific mention of the January 27 Declination Letter and accompanying engineer's report, and (2) the document merely creates a defense to well-pled allegations in the FAC.  (*See* Doc. 13 at 19.)  Defendant Safeco responds that the January 27 Declination Letter should be incorporated because Plaintiffs incompletely summarized or mischaracterized the contents of that letter in the FAC.  (*See* Doc. 14 at 9.)

Plaintiffs' allegations in the FAC appear to implicitly reference the January 27 Declination Letter and accompanying engineer's report in characterizing Defendant Safeco's investigation and reasoning for denying Plaintiffs' claim.  (*See* FAC ¶¶ 17–18.) However, Plaintiffs' references are not extensive.  This is not a situation where Plaintiff has aimed to incorrectly summarize at length the January 27 Declination Letter and engineer's report, but rather to briefly contest the overall process and findings of Defendant Safeco and its engineering firm.

Defendant Safeco's January 27 Declination Letter and the engineer's report do form part of the basis of Plaintiffs' claim for punitive damages.  (*See id.* ¶ 26.)  However, incorporating the January 27 Declination Letter would do little more than insert a defense to Plaintiffs' claims concerning the process and findings of both Defendant Safeco and its

engineering firm.  *See Khoja*, 899 F.3d at 1002.  At this juncture, such incorporation is inappropriate and the Court declines to incorporate the January 27 Declination Letter by reference.

    B. <u>Motion to Dismiss/Strike Punitive Damages Claim</u>

        **a.  Federal Rule of Civil Procedure 9(b)**

    Defendant Safeco argues that Plaintiffs allege averments of fraud in the FAC sufficient to trigger the heightened pleading requirement under Rule 9(b).  (*See* Doc. 11 at 21–23; FAC ¶¶ 26(c)–(d), (f)–(g), 27, 31.)  Plaintiffs respond that the particularity requirement of Rule 9(b) is not implicated where Plaintiffs do not allege a cause of action for fraud.  (*See* Doc. 13 at 23–24.)  Defendant Safeco responds that, though Plaintiffs did not state a cause of action for fraud, Plaintiffs' averments of fraud are sufficient to trigger Rule 9(b) and Plaintiffs' fraud allegations lack particularity under Rule 9(b).  (*See* Doc. 14 at 2–4.)

    In cases where "fraud is not an essential element of the claim, Rule 9(b) applies, but only to particular averments of fraud." *Vess*, 317 F.3d at 1103.  "In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim.  In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103–04.  "In other cases, however, a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct.  In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." *Id.* at 1104.

    "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Id.* at 1105.  Under California law, the elements of a cause of action for fraud include "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e)

resulting damage." *Kearns*, 567 F.3d at 1126 (quoting *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (Cal. 1997)).

Plaintiffs do not assert a cause of action for fraud.  And in Plaintiffs claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs allege some conduct that would not necessarily constitute fraud.  Specifically, Plaintiffs' allegations concerning Defendant Safeco's wrongful and intentional failure to reasonably investigate and evaluate Plaintiffs' claims, attempt in good faith to effectuate a fair and equitable settlement, compel Plaintiffs to retain counsel and initiate litigation, and refusing to pay insurance benefits knowing such benefits are due and owing do not necessarily concern fraud.  (*See* FAC ¶¶ 26(a), (e), (h), (i).)  Accordingly, Plaintiffs' breach of the implied covenant of good faith and fair dealing claim is not based on allegations of a unified course of fraudulent conduct such that Plaintiffs' claim is "grounded in fraud" or "sounded in fraud."  *See Vess*, 317 F.3d at 1106.

However, some of Plaintiffs' allegations for its claim of breach of the implied covenant of good faith and fair dealing concern averments of fraud by false representation, concealment, and nondisclosure.  (*See* FAC ¶¶ 26(c)–(d), (f)–(g).)  These averments are subject to the heightened pleading requirement of Rule 9(b).  Plaintiffs' allegations that, upon information and belief, Defendant Safeco engages in a company pattern and practice involving refusing to pay similar claims based on "false and fraudulent grounds" are subject to the relaxed pleading requirement of Rule 9(b).  (*See id.* ¶ 27.)  *See Neubronner*, 6 F.3d at 672 (relaxing Rule 9(b) standard for allegations of fraud based on information and belief with respect to matters within the opposing party's knowledge).  Plaintiffs' allegations that Defendant Safeco's conduct forms the basis for a claim for punitive damages through proof of oppression, fraud, or malice under Section 3294 in paragraph 31 is not subject to the heightened pleading requirement of Rule 9(b).  (*See* FAC ¶ 31.)  That paragraph does not contain specific averments of fraud.

At the core of Plaintiffs' averments of fraud are their assertion that Defendant Safeco, at no time, notified Plaintiffs or anyone else that the Policy provided coverage for

their claim under the Sewer Backup provision and that Defendant Safeco ignored or concealed that provision from Plaintiffs and others to deny their costly claim.  (*See id.* ¶ 17.)  While this specific allegation may answer the questions of what, when, and why this provision was concealed or not disclosed, Plaintiffs fail to allege with particularity who at Defendant Safeco allegedly engaged in the fraudulent activity, where they did so, and how they did so.  *See Vess*, 317 F.3d at 1106.  Plaintiffs also fail to allege how any false representation, concealment, or nondisclosure was false or misleading.  *See Yourish*, 191 F.3d at 993.  The Court also notes that, in the statement of facts of the FAC, Plaintiffs allege concealment in the alternative to Defendant Safeco's simply ignoring the Sewer Backup provision, the latter of which would not necessarily meet the mental state requirement for fraud.  (*See* FAC ¶ 17.)

In paragraph 27 of the FAC, based on both averments of fraud and non-fraud alleged in paragraph 26, Plaintiffs allege, on information and belief, that Defendant Safeco has a company pattern or practice of refusing to pay similar claims on "these same *false* and *fraudulent* grounds." (emphasis added).  Plaintiffs' information and belief allegation fails to state the factual basis for such a belief.  *See Neubronner*, 6 F.3d at 672 (holding allegations of fraud based on information and belief must state the factual basis for such a belief).  Because Plaintiffs' allegations of fraud in paragraphs 17, 26(c)–(d), (f)–(g), and 27 of the FAC are not pled with particularity, the Court will disregard those allegations.  Accordingly, the Court will not consider Plaintiffs' averments of fraud in the FAC in evaluating the remainder of Defendant Safeco's arguments to dismiss or strike Plaintiffs' punitive damages claim.

### b.  Federal Rule of Civil Procedure 12(b)(6)

The Court must consider whether Plaintiffs' punitive damages claim can be dismissed at this stage, and if so, whether Plaintiffs have sufficiently alleged enough facts to state a plausible claim for punitive damages.  For the latter, in light of this Court's determining Plaintiffs' averments of fraud should be disregarded for failing to meet the particularity requirement of Rule 9(b), the Court must consider whether Plaintiffs have

sufficiently alleged enough facts to state a plausible claim for punitive damages based on malice or oppression.

Some courts in this district have questioned whether punitive damages can be challenged through a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See Sanders v. City of Nat'l City*, Case No. 20-cv-00085-AJB-BLM, 2020 WL 6361932, at *5 (S.D. Cal. Oct. 29, 2020) (finding prayer for punitive damages is a remedy, not a claim within the meaning of Rule 12(b)(6)); *Sturm v. Rasmussen*, Case No. 18-cv-01689-W-BLM, 2019 WL 626167, at *2–5 (S.D. Cal. Feb. 14, 2019) (holding motion to dismiss punitive damages for failure to state a claim improper as punitive damages are not a claim for relief); *Hoffman v. Hartford Fin. Servs. Grp., Inc.*, Case No. 3:18-cv-02471-H-JLB, 2018 WL 6334287, at *4 (S.D. Cal. Dec. 4, 2018) (finding punitive damages is a prayer for relief, not a claim); *Oppenheimer v. Sw. Airlines Co.*, No. 13-cv-260-IEG (BGS), 2013 WL 3149483, at *3–4 (S.D. Cal. June 17, 2013) (holding requests for punitive damages provide no basis for dismissal under Rule 12(b)(6) because punitive damages are a remedy, not a claim, and do not pertain to whether any claim has been stated); *see also Mitchell Rubber Prod., LLC v. Verlan Fire Ins. Co.*, Case No. EDCV 21-1845-JGB (KKx), 2022 WL 17222233, at *2 (C.D. Cal. Aug. 12, 2022) ("A request for punitive damages is not an independent cause of action.").

In *Whittlestone*, the Ninth Circuit considered whether a district court erred by striking a claim for lost profits and consequential damages under the defendant's Rule 12(f) motion to strike, which argued those damages were precluded as a matter of law.  *See* 618 F.3d at 973.  The Ninth Circuit concluded that the defendant's Rule 12(f) motion was effectively a motion to have certain portions of the plaintiff's complaint dismissed or to obtain summary judgment against the plaintiff, which are actions better suited to a Rule 12(b)(6) or Rule 56 motion.  *Id.* at 974.  The Ninth Circuit held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."  *Id.* at 974–75.

In *Gopinath v. SomaLogic, Inc.*, the district court explained that, after *Whittlestone*,

16

there was a split in district courts concerning whether a Rule 12(b)(6) motion is the proper vehicle for challenging the sufficiency of a punitive damages claim. *See* Case No. 23-cv-1164-W-WVG, 2023 WL 5354776, at *6 (S.D. Cal. Aug. 21, 2023). The *Gopinath* court was sympathetic to cases finding punitive damages were not a claim for Rule 12(b)(6) purposes but concluded that it was bound by *Whittelestone*'s holding endorsing a Rule 12(b)(6) motion as the appropriate means to challenge a damages request. *See id.* The *Gopinath* court also noted that the damages request in *Whittelstone* pertained more to a claim than a prayer for relief because it was contained in the body of the complaint and tied to a specific cause of action. *See id.*

In *Sturm*, the district court read *Whittelstone* far more narrowly than the *Gopinath* court as authorizing a motion to dismiss a damages prayer only where defendants contend damages are precluded as a matter of law. *See* 2019 WL 626167, at *3. Specifically, the district court noted that *Whittelstone* lacked any analysis regarding whether a damages prayer was a claim for relief under Rule 12(b) or whether Rule 12(b)(6) was a proper mechanism for challenging a damage prayer. *See id.*

The Court is not fully persuaded that Defendant Safeco can challenge Plaintiffs' asserting punitive damages in a Rule 12(b)(6) motion. *Whittelstone* concerned a Rule 12(f) motion to strike, which allows a court to strike "from a pleading an *insufficient defense* or any redundant, immaterial, impertinent, or scandalous *matter*." Fed. R. Civ. P. 12(f) (emphasis added). Distinctly, a Rule 12(b)(6) motion concerns "failure to state a *claim* upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (emphasis added). *Whittelstone* did not consider whether damages are a claim for Rule 12(b)(6) purposes, pertain to whether a claim has been stated, or are simply a remedy. The Court does note, however, that beyond Plaintiffs' prayer for relief for punitive damages, Plaintiffs assert punitive damages based on Plaintiffs claim that Defendant Safeco breached the implied covenant of good faith and fair dealing. (*See* FAC ¶ 31.) In any event, the Court need not resolve the question of whether punitive damages can be challenged through a Rule 12(b)(6) motion because, even assuming they can be so challenged, Plaintiffs' factual allegations

underlying their claim for punitive damages are sufficiently pled.

"California law governs [a] substantive claim for punitive damages." *Rust v. Target Corp.*, Case No. 20-cv-2349-WQH-DEB, 2021 WL 5815928, at *1 (S.D. Cal. June 15, 2021). "A plaintiff may collect punitive damages for an insurer's breach of the implied covenant of good faith and fair dealing where the plaintiff also establishes the requirements of [California Civil Code] Section 3294." *AV Builder Corp. v. Houston Cas. Co.*, Case No. 20-cv-1679 W (KSC), 2021 WL 9474017, at *2 (S.D. Cal. Apr. 28, 2021) (quoting *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000)). In other words, punitive damages are recoverable "when the defendant breaches the implied covenant of good faith and fair dealing *and* is guilty of oppression, fraud or malice." *Tibbs v. Great Am. Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir. 1985); *see also Betts v. Allstate Ins. Co.*, 154 Cal. App. 3d 688, 708 (Cal. Ct. App. 1984) (same).

"Under California law, a plaintiff may recover punitive damages if they can prove by clear and convincing evidence that the defendant acted with 'oppression, fraud, or malice.'" *AV Builder Corp.*, 2021 WL 9474017, at *2 (quoting Cal. Civ. Code § 3294). Malice is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). Despicable conduct is conduct that is vile, base, or contemptible. *See Coll. Hosp. Inc. v. Superior Ct.*, 8 Cal. 4th 704, 725 (Cal. 1994). Oppression is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2). Fraud is defined as "intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code § 3294(c)(3).

"California law controls *what* plaintiffs must plead, while the Federal Rules of Civil Procedure control *the extent to which* they must plead it." *California Spine & Neurosurgery Inst. v. Aetna Life Ins. Co.*, Case No. CV 18-6829-DMG (KSx), 2019 WL

1878355, at *2 (C.D. Cal. Mar. 7, 2019); *c.f. Mitchell Rubber Products, LLC*, 2022 WL 17222233, at *3 (finding Section 3294 is not a pleading requirement, but an evidentiary standard for plaintiff to recover punitive damages and a motion to dismiss a request for punitive damages "places the cart before the horse").  The standards set forth in *Twombly* and *Iqbal* apply to a plaintiff's request for punitive damages under California law.  *See Pennsylvania Transformer Tech., Inc. v. Charter Oak Fire*, Case No. 3:22-cv-00611-JAH-AHG, 2023 WL 2415163, at *2 (S.D. Cal. Mar. 8, 2023).  However, "malice, intent, knowledge, and other conditions of a person's mind may be averred generally." *Rust*, 2021 WL 5815928, at *2 (quoting Fed. R. Civ. P. 9(b)).

In *Charter Oak Fire*, the defendant argued that the plaintiff's request for punitive damages should be dismissed because the plaintiff "set[] forth no specific factual allegations to support a punitive damages award, as required by *Twombly* and *Iqbal*." 2023 WL 2415163, at *2.  Specifically, the defendant argued that the plaintiff's allegations were "largely recitations of its core contention that [defendant] unreasonably denied coverage" and any specific allegations were limited to "two boilerplate, conclusory paragraphs that … summarize the elements of punitive damages." *Id.* at *3.

The plaintiff in *Charter Oak Fire* raised the same claims raised here: breach of contract and breach of the implied covenant of good faith and fair dealing.  *See id.*  The plaintiff alleged that the defendant's denial of coverage was "willful, malicious, intentional, and was done with the intent to oppress [the plaintiff] and with conscious disregard for [the plaintiff's] rights …. [s]olely to satisfy their profit motives and corporate financial income objectives." *Id.*  The plaintiff provided detailed allegations of the defendant's alleged violation of the implied covenant of good faith and fair dealing, which gave rise to the request for punitive damages.  *See id.*  The district court concluded that, accepting the allegations as true and drawing all reasonable inferences in favor of the plaintiff, those factual allegations were sufficient to infer oppression and malice.  *See id.*

At this juncture, Plaintiffs' factual allegations concerning Defendant Safeco's incomplete, deficient, and cursory inspection of Plaintiffs' claim are sufficient to plausibly

state a claim for punitive damages under Section 3294 based on oppression or malice. (*See* FAC ¶¶ 14, 17, 18, 19.) Plaintiffs allege Defendant Safeco's conduct in failing to reasonably investigate and evaluate Plaintiffs' claim was intentional and done to sacrifice Plaintiffs' interests for its own financial gain. (*See id.* ¶¶ 26(a)–(b), 31.) Such allegations are sufficient to plausibly claim that Defendant Safeco engaged in despicable conduct carried on with a willful and conscious disregard of Plaintiffs' rights or despicable conduct that subjects Plaintiffs to cruel and unjust hardship in conscious disregard of their rights. *See* Cal. Civ. Code § 3294(c)(1)–(2). Additionally, Plaintiffs' claims of oppression and malice are further supported by allegations that Defendant Safeco would not authorize Plaintiffs to properly remediate the water backup immediately despite Plaintiffs' concern of a potential growth of harmful mold that would severely impact the existing health condition of one of their children. (*See* FAC ¶ 14.) Accepting these allegations as true and drawing all reasonable inferences in favor of the Plaintiffs, their factual allegations are sufficient state a plausible claim for punitive damages based on oppression or malice. *See Charter Oak Fire*, 2023 WL 2415163, at *3. Thus, the Court **<u>DENIES</u>** Defendant Safeco's Motion to Dismiss.

### c. Federal Rule of Civil Procedure 12(f)

In the alternative, Defendant Safeco requests that the Court strike Plaintiffs' claim for punitive damages. (*See* Doc. 11.) However, Defendant Safeco fails to explain why Plaintiffs' claim for punitive damages is "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f). In any event, for the reasons discussed above, the Court is not convinced that "under no set of circumstances could the claim [for punitive damages] […] succeed." *See* Novick, 570 F. Supp. 2d at 1208. Thus, the Court **<u>DENIES</u>** Defendant Safeco's Motion to Strike Plaintiffs' punitive damages claim.

C. <u>Motion to Strike Paragraphs 27, 31, and Prayer for Punitive Damages</u>

Defendant Safeco requests that the Court strike paragraphs 27 and 31 as well as Plaintiffs' prayer for relief, paragraph 4, concerning punitive damages on the grounds that these paragraphs are comprised entirely of "immaterial" and "impertinent"

allegations/matters.  (*See* Doc. 11 at 1.)  However, Defendant Safeco provides no analysis in its Motion to Dismiss/Strike as to how these paragraphs are "immaterial" and "impertinent."  (*See id.*)  Defendant Safeco merely states that Plaintiffs' allegations concerning punitive damages in paragraphs 27 and 31 are not well-pled.  (*See id.* at 13.) Plaintiffs respond that punitive damages claims should not be dismissed or stricken at the pleading stage.  (*See* Doc. 13 at 24–25.)

The Court has already disregarded paragraph 27 for failing to meet the particularity requirement of Rule 9(b).  *See supra* at 15.  For the reasons discussed above, and due to Defendant Safeco's failure to explain why these paragraphs should be stricken under Rule 12(f) as "immaterial" and "impertinent," the Court **DENIES** Defendant Safeco's Motion to Strike paragraphs 27, 31, and the prayer for punitive damages in the FAC.[3]

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss/Strike is **DENIED**.  (Doc. 11.)

**IT IS SO ORDERED.**

DATE:  October 10, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] The Court declines to address Defendant Safeco's concerns regarding discovery.  (*See* Doc. 11 at 24.)  Such concerns can be properly raised to and addressed by Magistrate Judge David D. Leshner in accordance with Rule 26.